**Case No. 24-6021**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

**MARK R. KIESEL LIVING TRUST, ET AL.,**

**Plaintiffs-Appellants,**

**v.**

**THOMAS HYDE,**

**Defendant/Appellee.**

---

On Appeal from the United States District Court,
Missoula Division for the District of Montana,
The Honorable Kathleen L. DeSoto, Presiding

---

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE
APPEAL NO. 25-4714 INTO APPEAL NO. 24-6021**

---

APPEARANCES:

Cory R. Laird
Riley M. Wavra
LAIRD COWLEY, PLLC
P.O. Box 4066
Missoula, MT 59806-4066
Telephone: (406) 541-7400
Facsimile: (406) 541-7414
Email:      claird@lairdcowley.com
            rwavra@lairdcowley.com
*Attorneys for Appellants*

1

COMES NOW, Appellants Mark R. Kiesel Living Trust and Montana Woods, LLC (collectively "Appellants"), and respectfully submit this Reply in Support of Motion to Consolidate. For the reasons stated herein, and in Appellants' Motion to Consolidate (Dkt. 38.1), the Motion should be granted.

## **ARGUMENT**

In Appellants' Opening Brief, they demonstrated that consolidation of the two (2) pending appeals (i.e. Case Nos. 24-6021 and 25-4714) is proper and consistent with this Court's prior practice regarding a merits appeal and a subsequent appeal regarding a fee award flowing from the merits decision. In Response, Appellee Thomas Hyde ("Appellee") opposes consolidation because: (1) he believes it would be inefficient; and (2) one trial witness is elderly and, therefore, may be unavailable for trial. Dkt. 39.1. Neither argument provides any basis for denying consolidation.

As to the first argument, Appellee contends there would be "little efficiency gained from consolidation," because upon affirmance of the merits appeal (Case No. 24-6021), the fee appeal (Case No. 25-4714) would be a "come back" case assigned to the same Panel. But this is incorrect. This Court's General Orders characterize a "come back" appeal as one arising after an initial appeal from that case has already been heard and remanded. *See* General Orders 1.12, 3.6(d). But

here, the ostensible "come back" appeal is already pending and, therefore, cannot possibly be filed after the merits appeal is adjudicated and remanded.

That is precisely the point of Appellants' Motion. Appellants do not seek the same Panel to review the fee appeal (Case No. 25-4714) after the merits appeal (Case No. 24-6021) has been adjudicated, but instead for the same Panel to review both appeals *simultaneously*. This is precisely why consolidation exists and, as noted in Appellants' Opening Brief, the Ninth Circuit has specifically consolidated a merits appeal to a fee appeal in circumstances strikingly similar to those present here. *See generally S.L. ex rel. Loof v. Upland Unified School Dist.*, 747 F.3d 1155, 1157 (9th Cir. 2014); *see also* Documents 25–26, *S.L. v. Upland Unified School Dist.*, Case No. 12-56796. Accordingly, whether the fee appeal (Case No. 25-4714) is a "come back" case, as that term is defined by this Court, has no bearing on whether both appeals should be consolidated and heard by the same Panel at the same time.

As to the second argument, if Appellee's argument were to prevail, then consolidation of a merits appeal with a fee appeal would never be proper. Specifically, in nearly every case a delayed adjudication of a merits appeal, so that it can be considered in tandem with a fee appeal, will necessarily risk that certain witnesses' memories will fade and/or that they may become unavailable due to the

passage of time. Here, however, the risk of Robert Arrigoni being unavailable for trial impacts both parties and is relieved by the fact that his deposition was taken in this case and can be used at trial in the event he becomes unavailable. Fed. R. Civ. P. 32(a)(1), (4). In short, any concerns regarding how the passage of time will impact a witnesses' availability will exist in every case where consolidation is sought, and, in this case, Appellee's concerns are alleviated by the provisions set forth in Rule 32.

## **CONCLUSION**

Consequently, the Motion should be granted and the Court should consolidate the fee appeal (Case No. 25-4714) into the merits appeal (Case No. 24-6021), so that both appeals are heard by a single Panel at the same time.

RESPECTFULLY SUBMITTED this 18th day of August, 2025.

LAIRD COWLEY, PLLC

By:  /s/ Riley M. Wavra
     Riley M. Wavra
     Attorneys for Appellants